UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN CHESTER POPE,

                Petitioner,

    v.

DANIEL HOLBROOK,

                Respondent.

Case No. C17-5679 BHS-TLF

ORDER GRANTING LEAVE TO AMEND OR TO SHOW CAUSE

Petitioner Steven Chester Pope filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Dkt. 3. Petitioner challenges his convictions for two counts of second degree child rape, two counts of second degree child molestation, two counts of third degree child rape and molestation, and domestic violence. He alleges that his trial counsel "tricked" him into his guilty plea, that he pled guilty because he was mentally coerced into doing so, and that trial counsel stated that he could not represent him effectively because petitioner had "confessed." Dkt. 3, at 7. However, petitioner has not presented his arguments to any Washington courts before presenting them here. Dkt. 3 at pp. 2-4 (indicating that he did not appeal, or file a post-conviction petition to challenge his convictions or sentences in the appellate courts).

All of petitioner's claims remain unexhausted. Moreover, his claims may be time-barred. Therefore, the Court will allow petitioner to amend or to show cause why this action should not be dismissed.

ORDER GRANTING LEAVE TO AMEND OR TO SHOW CAUSE - 1

**BACKGROUND**

On April 7, 2016, petitioner pled guilty to two counts of second degree child rape, two counts of second degree child molestation, two counts of third degree child rape and molestation, and domestic violence. Dkt. 1, at 1. He explains that he believes he received ineffective assistance of counsel, noting that he was "mentally coerced" into the guilty plea due to his "mental/communication skill problems." Dkt. 1, at 5, 8. He also alleges that his counsel only made a "mild attempt" to have him evaluated for competency. Dkt. 1, at 10. He notes that he has not raised either a direct appeal because he had no money to hire legal help and he no longer "trusts" state-appointed help. Dkt. 1, at 6. He asks this Court for release from conviction. Dkt. 1, at 16.

**DISCUSSION**

**A. Exhaustion**

Petitioner raises four grounds for habeas relief. However, he failed to raise these grounds in the state courts before presenting them here. "[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner's claims are only exhausted after "the state courts [have been given] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Here, petitioner has not properly exhausted these claims. He has not given Washington State courts the opportunity to rule on any of his habeas claims because he has not presented

ORDER GRANTING LEAVE TO AMEND OR TO SHOW
CAUSE - 2

them in either a direct appeal or a personal restraint petition. Therefore, petitioner has not allowed the Washington State courts a full opportunity to review them. *Vasquez* 474 U.S. at 257. The claims are unexhausted, and this Court will not review unexhausted claims. *Picard*, 404 U.S at 275.

### B. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a statute of limitations for petitions filed by prisoners challenging their custody under a state court judgment and sentence. 28 U.S.C. § 2244(d). Where the challenged judgment became final after April 24, 1996, the statute generally begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The time period for seeking certiorari is ninety days, according to the Supreme Court Rule 13. *Id.*

However, the judgment becomes final on an earlier date where the direct review has terminated prior to reaching the state's highest court. *Gonzalez v. Thaler*, 132 S. Ct. 641, 652-56 (2012); *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001). If the petitioner never files a timely direct review, the direct review process concludes upon expiration of time for seeking such review, and the judgment becomes final on that date. *Gonzalez*, 132 S. Ct. at 653-54.

Here, petitioner entered a guilty plea on April 7, 2016. Dkt. 1, at 1. As of the date of his petition on September 5, 2017, he states he has not sought to appeal or file for post conviction relief in state court concerning his convictions or sentences. Dkt. 3 at pp. 2-4. Accordingly, it

appears that his judgment became final over a year ago, past the statute of limitations. As such, his petition would appear to be time-barred from consideration.

In addition, petitioner fails to show any basis for equitable tolling. The AEDPA statute of limitations is subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (*quoting Pace*, 544, U.S. at 418). Equitable tolling is appropriate where external forces, rather than the petitioner's lack of diligence, account for the failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Whether a petitioner is entitled to equitable tolling is a fact-specific inquiry. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *See Miles*, 187 F.3d at 1105-07 (equitable tolling appropriate where prison official failed to properly process for mailing a timely submitted petition); *Frye v. Hickman*, 273 F.3d 1144 (9th Cir. 2001) (equitable tolling not appropriate where attorney miscalculated the statute of limitations deadline). Petitioner does not demonstrate any extraordinary circumstance that prevented him from filing a timely habeas corpus petition.

## CONCLUSION

Petitioner must file, **on or before December 15, 2017**, an amended petition under 28 U.S.C. § 2254 alleging facts, if any, showing that his grounds for relief have been properly exhausted in state court and otherwise showing cause why this matter should not be dismissed. Alternatively, petitioner may show cause why this action should be *stayed* or *voluntarily dismissed without prejudice* to allow him to present his argument before the Washington courts. If the Washington courts decline to grant him relief and he properly exhausts his state options, he

1 | may return to this Court and file a new habeas petition.

2 | Failure to timely comply with this Order will result in a recommendation that this action
3 | be dismissed without prejudice.

4 | The Clerk shall send a copy of this order to petitioner and the Court's habeas corpus form
5 | petition for 28 U.S.C. § 2254 petitions.

6 | Dated this 16th day of November, 2017.

*signature*

Theresa L. Fricke
United States Magistrate Judge