UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN CHESTER POPE,

          Petitioner,

v.

DANIEL HOLBROOK,

          Respondent.

CASE NO. C17-5679 BHS-TLF

**REPORT AND RECOMMENDATION**

Before the Court is Steven Chester Pope's amended 28 U.S.C. §2254 petition for writ of habeas corpus. Dkt. 5. Mr. Pope did not appeal or seek collateral review in the state courts, and his claims are therefore unexhausted. Because the habeas claims are unexhausted, the Court recommends denying the habeas petition and dismissing the case without prejudice. The Court also recommends a certificate of appealability not be issued.

## BACKGROUND

On August 25, 2017, Mr. Pope filed a habeas petition challenging his September 12, 2016[1], Clallam County convictions and sentence for two counts of second degree child rape, two counts of second degree child molestation, two counts of third degree child rape and molestation,

---

[1] The Court notes that Mr. Pope indicates in his amended petition that the date of judgment of conviction as April 7, 2016, but that he was not sentenced until September 12, 2016. Accordingly, it appears that final judgment was not entered at least until sentencing on September 12, 2016.

REPORT AND RECOMMENDATION - 1

and domestic violence. Dkt. 1, 3. The Court issued an Order to Show Cause directing Mr. Pope to file an amended petition "alleging facts, if any, showing that his grounds for relief have been properly exhausted in state court and otherwise showing cause why this matter should not be dismissed." Dkt. 4, at 5. Alternatively, the Court provided that "Mr. Pope may show cause why his action should be stayed or voluntarily dismissed without prejudice to allow him to present his argument before the Washington courts." *Id.* Mr. Pope subsequently filed a nearly identical amended habeas petition in which he raises the following grounds for relief:

> (1) He was coerced "into saying I was guilty." In support, he alleges he has mental health problems and "in retrospect . . . my wife and step daughters set me up out of essentially spite." Dkt. 5, at 5.
>
> (2) "My attorney . . . said he couldn't defend me adequately because he said that I had confessed." *Id.*, at 7.
>
> (3) "I was accused of supposedly having molested my step-daughters; when at that time I could not have. . . My lawyer never tried to defend me on this, as I was mentally coerced and tricked into pleading guilty for a supposed bargain." *Id.*, at 8.
>
> (4) My attorney did not adequately have me examined for competency. "My attorney made a mild attempt to have me evaluated; however, the Doctor (psychologist) accused me of deliberately trying to fail the tests." *Id.*, at 10.

Mr. Pope did not appeal or seek collateral review of his conviction or sentence in the Washington State Courts before seeking habeas relief in this Court. *See* Dkt. 3, at 2-5; Dkt. 5, at 2-5. In his initial habeas petition, he claims he has not sought review in the state courts because "I don't have the money to get 'adequate' attorney representation; as I don't trust state appointed help (anymore)." Dkt. 3, at 5. In his amended habeas petition, he claims he has not sought state court review of his claims because "my hired attorney told me that I could not file any appeals because of my guilty plea." Dkt. 5, at 5.

REPORT AND RECOMMENDATION - 2

## DISCUSSION

A state prisoner, such as Mr. Pope, is required to exhaust all available state court remedies before seeking relief through a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). To properly exhaust, the petitioner must give the state court a fair opportunity to correct the alleged violation of federal constitutional rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). This means the petitioner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. *Baldwin*, 541 U.S. at 29; *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). The petitioner bears the burden to prove a claim has been properly exhausted. *Lambrix v. Singletary*, 520 U.S. 518, 523-24 (1997).

Here, Mr. Pope acknowledges that he did not file a direct appeal of his conviction nor has he presented any federal constitutional claims in state court. Therefore, Mr. Pope has not fully exhausted his claims in the state appellate courts and the Court may not review them. *Picard*, 404 U.S at 275; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013) (citing *King v. Ryan,* 564 F.3d 1133, 1142 (9th Cir. 2009)) (emphasis added) ("[t]o be properly filed, a claim must have been exhausted *at the time of filing.*"); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir.2002) (Exhaustion must *precede* the filing of the complaint and compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action.). Mr.

REPORT AND RECOMMENDATION - 3

Pope's petition should be dismissed without prejudice to the filing of a federal habeas petition after he has exhausted his state judicial remedies.[2]

### EVIDENTIARY HEARING

The decision to hold a hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). A hearing is not required if the allegations would not entitle petitioner to relief under 28 U.S.C. § 2254(d). *Landrigan,* 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; *see also Cullen,* 563 U.S. at 183. An evidentiary hearing is not necessary in this case because Mr. Pope's claims are unexhausted.

### CERTIFICATE OF APPEALABILITY

If the district court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2254

---

[2] A federal district court may dismiss a wholly-unexhausted habeas petition *with* prejudice only where it is clear that state law will no longer permit petitioner to exhaust the claims therein. *See, e.g., Murphy v. Mahoney,* 308 F. App'x 45, 45–46 (9th Cir. 2008) ("Since the time for filing a state post-conviction relief petition has long since passed, Murphy cannot return to state court to exhaust his claims. Thus, Murphy is procedurally barred from asserting is claims in federal court, and no exception exists that would excuse his failure to file a petition earlier.") (citing *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). "To be properly filed, a claim must have been exhausted *at the time of filing*." *Ha Van Nguyen*, 736 F.3d at 1296 (emphasis added). Assuming Mr. Pope's final judgment was entered on September 12, 2016, at the very least at the time he filed his habeas petition, on August 25, 2017, it appears he still had state court remedies available to him which he had failed to exhaust. *See* RCW 10.73.090(1)) (under Washington law, a defendant has one year from the time his or her criminal conviction becomes final to collaterally challenge the conviction). The record here does not permit the Court to conclude that petitioner is foreclosed, as a matter of state law, from exhausting his claims.

REPORT AND RECOMMENDATION - 4

Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Momah-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court recommends that Mr. Pope not be issued a COA. No jurist of reason could disagree with this Court's evaluation of his habeas petition or would conclude that the issues presented deserve encouragement to proceed further. Mr. Pope should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

The Court recommends that Mr. Pope's § 2254 petition be **DISMISSED without prejudice.** The Court also recommends denying issuance of a COA. This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **April 17, 2018.** The Clerk should note the matter for **April 20, 2018**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will

then be ready for the Court's consideration on the date the response is due. The failure to timely object may affect the right to appeal.

DATED this 26th day of March, 2018.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6